CHARLES C. WATERS AND AUDREY V. WATERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Waters v. Commissioner
Docket No. 3353-77.
United States Tax Court
T.C. Memo 1978-253; 1978 Tax Ct. Memo LEXIS 263; 37 T.C.M. (CCH) 1086; T.C.M. (RIA) 78253; July 10, 1978, Filed Charles C. Waters, pro se. Steven Wood, for the respondent. QUEALY
MEMORANDUM OPINION QUEALY, Judge: Respondent determined a deficiency *264 in petitioners' Federal income taxes and penalties as follows: Additions to tax
under Taxable Year
Deficiency
sec. 6651(a) [1]
sec. 6653(a)
1967
$ 1,088.88
$ 272.22
$ 54.44
1968
791.56
197.89
39.57
1969
949.11
237.27
47.45
1970
1,971.28
492.82
98.56
In view of various concessions made by the parties, the only issue to be decided is whether petitioners are entitled to a refund of certain amounts withheld from their paychecks during the taxable years 1967 through 1969, inclusive. All of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. The respondent has abandoned his determination that there are any additions to tax due from petitioners under either section 6651(a) or section 6653(a). Petitioners concede deficiencies for the taxable years in issue in full. The parties have agreed that because of excessive withholding of Federal income taxes, the following overpayments resulted: Taxable Year
Overpayment
1967
$ 3,483.81
1968
5,431.96
1969
4,443.70
1970
5,250.63
*265 Respondent further concedes that petitioners are entitled to a refund of $ 5,250.63 which represents the amount overwithheld for the taxable year 1970. However, with respect to the taxable year 1970. However, with respect to the taxable years 1967 through 1969, inclusive, respondent contends that the period within which petitioners must file a claim for credit or refund has expired and therefore petitioners are not entitled to a refund for overpayments for these years. The income tax returns filed by petitioners in February 1974 constitute claims for refund of any amount previously wihheld. See sec. 301. 6402-3(b)(1), Proced. & Admin. Regs. Section 6511 provides that any claim for credit or refund of any overpayment must be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever is later. If no return was filed by the taxpayer, a claim for credit or refund must be filed within two years from the time tax was paid. All the payments made by petitioners during 1967 through 1969, inclusive, were withheld from petitioners' paychecks. Section 6513(b)(1) provides that these payments are deemed to have been paid by the *266 petitioners on April 15th of each year. Since petitioners did not file their returns until February 1974, such returns do not qualify as claims filed within two years from the time the tax was paid. Section 6511(b)(2) provides that if the claim was filed within three years from the time the return was filed, then the amount of credit or refund is limited to the portion of the tax paid within three years immediately preceding the filing of the claim. Accordingly, since tax returns were filed in February 1974, any refund or credit is limited to the portion of the tax paid between February 1971 and February 1974. All the payments are deemed to have been made prior to February 1971. Section 6513(b)(1). Therefore, petitioners are not entitled to any credit or refund for the taxable years 1967, 1968 and 1969. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩